07-22409.od

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  07-22409-CIV-COOKE-BROWN

INYX, INC.,

      Plaintiff,

vs.

WESTERNBANK PUERTO RICO, et al,

      Defendants.

_____/

## ORDER GRANTING MOTION TO QUASH

**THIS MATTER** is before the Court on W Holding Company, Inc.'s Motion to Quash...
(D.E. 68), filed December 27, 2007.  The Court has considered the motion, the response, the reply,
and all pertinent materials in the file.

This motion concerns a subpoena of records and documents from KPMG LLP who was hired
to assist in the investigation relevant to the issues in presently pending litigation between the parties.
Essentially there are two arguments offered to oppose this motion: (1) these documents are "business
documents" and not litigation materials and therefore not privileged; and (2) any privilege was
waived by "publication".  For the reasons that follow, neither has any merit.

The Court need not reach the legal questions as the "business documents" argument of
plaintiff is just that - argument.  The defendant supports its position with argument, and - as the
record stands - unrefuted evidentiary support.  Plaintiff would like this Court to ignore or dismiss
uncontroverted sworn facts without any substantive backing of its own.  There is nothing to support
any other conclusion but that KPMG was hired for an investigation related to legal issues.  Indeed,
the very comments relied upon by plaintiff to suggest that privilege has been waived, infra, support

1

this conclusion.

The issue of waiver is not supported either.  At the heart of the reasons for this Court's rejection of plaintiff's position is the axiomatic fact that mere identity of a document, or some comment about it or its existence, does not mean the contents are no longer privileged.  Under Florida law - argued as applicable by plaintiff - disclosure of a <u>significant</u> part of the matter or communication is a prerequisite to a waiver of privilege. See Fla. Stat. §90.507; <u>Nwabke v. Torso Tiger, Inc.</u>, 2007 WL 1222517 (M.D. Fla). See also <u>United States v. Davis</u>, 636 F. 2d 1028, 1043 (footnote 18) (5th Cir. 1981).[1]

Plaintiff relies on a Form 8-K Report to the Security and Exchange Commission. That report, viewed in a light most favorable to plaintiff, acknowledges that an investigation has been commissioned which clearly had not yet been completed[2], and reveals not one significant detail of that investigation.

Plaintiff also relies on an article that appeared in Carribean Business. In it, the CEO of W. Holding Co. (parent company of Westernbank) clearly discusses the existence of the investigation, comments in conclusory fashion as to the results of same, but says nothing regarding the details of same.  Plaintiff stretches, to be kind, when it claims that his comments discuss the <u>contents </u>of the investigation.  There is nothing in this record to support same.

Therefore, and the Court being otherwise fully advised in the premises it is hereby

---

[1]Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit.  <u>See</u> <u>Bonner v. City of Prichard</u>, 661 F. 2d 1206, 1207 (11th Cir. 1981).

[2]Despite plaintiff's claim that it contains the "result of the KPMG audit",  the unambiguous language used in the release talks of "pending the outcome of this investigation" and "as the Company's investigation is still pending and no conclusions have been reached".

**ORDERED AND ADJUDGED** that said motion be and the same is hereby **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20 day of February, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable Marcia G. Cooke
       Counsel of record

3